**Opinion issued April 21, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00099-CV

————————————

**KARIN ELIZABETH SIMS-LOWERY, Appellant**

**V.**

**DAMION ANTHONY LOWERY, Appellee**

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-18283**

---

## MEMORANDUM OPINION

Appellant, Karin Elizabeth Sims-Lowery, attempts to appeal from the trial court's final decree of divorce signed on November 17, 2011. We dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within twenty days after the judgment is signed, any party files a request for findings of fact and conclusions of law. *Id*.; *see* TEX. R. CIV. P. 296. The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the final judgment on November 17, 2011. Lowery timely filed a request for findings of fact and conclusions of law on December 6, 2011. *See* TEX. R. CIV. P. 296. Therefore, Lowery's notice of appeal was due by February 15, 2012, or by March 1, 2012, with a fifteen-day extension. *See* TEX. R. APP. P. 26.1(a)(4), 26.3. Lowery, proceeding pro se, untimely filed her notice of appeal on January 30, 2015.[1] Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

---

[1] Lowery's notice of appeal also states that she appeals from a judgment or order signed on July 26, 2012. The clerk's record filed in this Court does not include a trial court judgment or order signed on July 26, 2012, This Court's records

2

On March 10, 2015, we notified Lowery that her appeal was subject to dismissal for want of jurisdiction unless, by March 24, 2015, she filed a written response showing how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a). Lowery failed to file an adequate response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.

---

indicate that the judgment or order signed on that date refers to this Court's opinion and judgment issued on July 26, 2012. *See In the Matter of Z.E.K.B.L. aka A.S.L.*, No. 01-11-01097-CV, 2012 WL 3060097 (Tex. App.—Houston [1st Dist.] July 26, 2012, no pet.) (mem. op.) (dismissing appeal for failure to pay fees or establish indigence).